**TRENCHARD v. CENTRAL LAUNDRY CO. AND VERLANDER**

———

(November 2, 1926. Opinion and Decree.)
(November 29, 1926. Rehearing Refused.)

———

*(Syllabus by the Court)*

1. **Louisiana Digest—Appeal—Par. 625.**

This court will not reverse the judgment of the trial court unless it is manifestly erroneous.

Appeal from Civil District Court, Hon. H. C. Cage, Judge.

Action by Jos. L. Trenchard against Central Laundry · Co. and David E. Verlander, in solido.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

Miller & Denny, L. R. Hoover, of New Orleans, attorneys for plaintiff, appellant.

Paul L. Fourchy, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit for the recovery of a horse and wagon and harness, and for damages for the forcible taking away of the same.

The plaintiff alleged that· he was an "independent laundry man" soliciting and collecting laundry from his own customers, delivering it back when laundered and collecting for the same, and receiving a commission of 25 per cent from laundries; that he made a contract with the Central Laundry Company, that it was necessary for him to have the use of a horse and wagon in order to carry on his business; that in April, 1913, he purchased a horse from the defendant for $75 payable two and 50-100 dollars weekly, and paid for it and kept it in his possession until it died in September, 1913; that then he purchased from the defendant a mule for $95 payable in the same manner, which he paid for and he kept until it died in February, 1914; that for the third time plaintiff purchased from defendant a horse named Jackson for $120 payable on the same terms, which he kept until August 25, 1916; that in March, 1913, at the solicitation of David E. Verlander, manager of defendant company, plaintiff bought a wagon from Joseph Delaney in the employ of the defendant company, for $45, payments to be made in the same manner and guaranteed by the defendant company; that between December 11, 1915, and August 19, 1916, plaintiff paid the defendant, the Central Laundry Co., $166.50 for the horse Jackson and wagon, thereby, through error, paying $1.50 in excess of the price; that on August 25, 1916, plaintiff called at the defendant laundry driving his horse Jackson and his wagon with one set of harness and other equipment; that he was accosted by the defendant Verlander, when about to leave the laundry, and informed that he intended putting another man upon plaintiff's route and giving the new man plaintiff's horse and wagon; that plaintiff refused to comply with his demand, whereupon the defendant seized plaintiff's horse by the bridle and called to his assistance four persons in the employ of the defendant laundry, and again demanded possession of the horse and wagon with threats of bodily harm; that thereupon plaintiff, in' fear of bodily harm, descended from the wagon and delivered same to the defendant Verlander; that the defendant company is in possession of the horse and wagon and its appurtenances and is using the same in its business, and refuses to return the same to the plaintiff; that under the mistaken belief that he had not paid the full price for the horse Stonewall, plaintiff tendered $9 to the defendant, who told him that he owed nothing; that for want of his horse and wagon he cannot engage in the laundry business, which is the only one he knows, and has no means to buy another horse not to furnish a sequestration bond; that he had grown very fond of his horse, to which he had taught various tricks, and that he has suffered "intense mental anguish" when many times he had seen defendant's drivers whip the horse, an act which he never performed himself; that in the absence of his horse and wagon he had to take employment at 20 per cent

commission and to rent a team at a loss of $2.50 per day until his horse and wagon are returned to him; that the pecuniary damages suffered by plaintiff amount to $16,443.75 and that he is entitled to punitive and exemplary damages in the sum of $10,000. He claims $26,443.75 with reservation of all his rights for future damages, and for the further sum of $5 per day from date of filing the petition (October 10, 1916), until the return of his property.

The plaintiff himself verified his petition. The defendants admitted employing plaintiff upon a commission but not as an "independent laundry man"; that a horse and wagon are necessary for his business; that in April, 1913, he purchased from defendants a horse and in September, 1913, a mule; both of which died; that they rented to him the third horse at $4.50 a week, as at that time he still owed $110 on the price of the first horse and mule; they admit that the plaintiff paid $170, the price of the first horse and mule; they admit the return of the horse and wagon at the time they discharged the plaintiff; but they aver that the harness and accessories were left at the laundry by the plaintiff of his own free will; they admit ordering plaintiff off of the wagon; they admit being in use of the horse and wagon; they admit a conditional offer of $9 and its refusal. They deny every other allegation.

On April 21, 1919, judgment was rendered in favor of defendants.

The plaintiff appealed to the Supreme Court. On December 10, 1923, the Supreme Court transferred the case to this court on the ground that the damages claimed were inflated and could not exceed $2000. Trenchard vs. Central Laundry Co., 154 La. 1003, 98 South. 558.

The plaintiff in his testimony has supported all the allegations of his petition. There was no other witness for him.

On behalf of the defendant, John B. Delaney, driver for the defendant company, testified that he never sold any wagon to plaintiff; that the wagon plaintiff was using got out of order, and that he gave him an order to get one of the company's wagons at a repair shop.

Clarence Freuter at the time he gave his testimony was working for the Burkenroad Company as export shipping clerk; he was present at the defendant laundry on the day that the plaintiff was discharged; he was employed that morning to take plaintiff's wagon; Verlander told plaintiff his services were no longer required and that he would take his place; plaintiff jumped on his wagon grabbed his book, then jumped off and went out Calliope street; there was no violence used; Verlander and witness drove out Calliope to the Union Depot; there Trenchard requested an officer to arrest them, which the officer refused to do; he worked for a commission of 20 per cent; the defendant furnished him with a horse and wagon; he worked there only two weeks.

Marion Verlander corroborates the testimony of Freuter.

H. S. Verlander, a brother of the defendant, is connected with the laundry; on the morning of plaintiff's discharge he was standing on the sidewalk; his brother walked over to the wagon and put another solicitor on it; plaintiff got off and went down the street; no violence was shown him by anybody.

David Verlander, defendant, testified that after the plaintiff lost the first horse and mule they bought a third horse, and rented it to plaintiff at $4.50 per week because

he did not want to buy another horse; the wagon that plaintiff used was the property of the laundry and was never sold to Delaney; they allowed plaintiff to use it free of charge; he told Trenchard that he did not need him any more, and that he was going to put another man on the wagon; he wanted to know why; he told him he owed the laundry for two weeks and part of a third; he made no claim for horse or wagon; he owed the laundry $140 and the witness $10.

The preponderance of the evidence is vastly in favor of the defendant and of the correctness of the judgment appealed from.

The plaintiff did not deny that he owed the laundry two or three weeks for laundry, nor $140.

But the plaintiff is confident that he should have a judgment for the harness which is confessedly his. This is true, but the defendants testified that they did not use the harness; that it was at the laundry yet; that they told him so the day he called on them to tender the $9. Plaintiff has not denied this, nor has he ·testified that he called for it at the laundry which was the place where demand and delivery should have been made. C. C. 2484.

We have given this case diligent examination and close attention, and we cannot say that the judgment is erroneous. It is therefore affirmed.